UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 1:16-CV-1161 |
| v. | : | |
| | : | |
| KRISTINE L. SOURBEER, | : | |
| Defendant | : | |

*M E M O R A N D U M*

*I.        Introduction and Background*

We are considering a motion for default judgment.  (Doc. 6).  On June 15,

Plaintiff filed a complaint against Defendant.  (Doc. 1).  On June 16, 2016, Plaintiff sent a

request for waiver of service to Defendant.  (Doc. 4).  On June 26, 2016, Defendant signed

the waiver of service and indicated that she was not in military service at the time the

complaint was delivered, which waiver of service was filed on July 7, 2016.  (Doc. 4).   On

August 19, 2016, Plaintiff requested the Clerk of Court enter Defendant's default pursuant to

Federal Rule of Civil Procedure 55(a).  (Doc. 5).  At the same time, Plaintiff filed the instant

motion for default judgment.  (Doc. 6).  Defendant has failed to respond to any of Plaintiff's

filings.

*II.       Discussion*

Upon the entry of default, Defendant concedes the well-pleaded facts in

Plaintiff's complaint. Comdyne I, Inc. v. Corbin, 908 F.3d 1142, 1149 (3d. Cir. 1990)

(citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688

(2d ed. 1983)).  Therefore, we accept all factual allegations in the complaint as true,

except those relating to the amount of damages.  Id. But a default does not constitute an

admission of liability or establish conclusions of law.  Degen v. Bunce, No. 93-5674, 1995

WL 120483, at *2 (E.D. Pa. March 13, 1995).  Thus, "it remains for the court to consider

whether the unchallenged facts constitute a legitimate cause of action."  10A Charles Alan

Wright et al., Federal Practice and Procedure § 2688 (3d ed. 2006).  The cause of action

here is a mortgage foreclosure.  "In a mortgage foreclosure action, the plaintiff must show

the existence of an obligation secured by a mortgage, and a default on that obligation."

United States v. Abell, No. 1:09-CV-715, 2012 WL 27627, at *2 (M.D. Pa. Jan. 9, 2012)

(quoting Chem. Bank v. Dippolito, 897 F. Supp. 221, 224 (E.D. Pa. 1995) (granting

plaintiff's motion for summary judgment in a mortgage foreclosure action)).

The decision to render default judgment rests in the discretion of the court.

Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).  Generally, when

considering whether default judgment is appropriate, a court must consider three factors:

(1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the

defendant has a meritorious defense; and (3) whether the default was the product of the

defendant's culpable conduct.  United States v. $55,518.05 in U.S. Currency, 728 F.2d

192, 195 (3d Cir. 1984).  If the defendant fails to appear, however, a court need not

consider these factors and "is authorized to enter a default judgment based solely on the

fact that the default occurred."  Anchorage Assocs. v. Virgin Islands Bd. of Tax Review,

922 F.2d 168, 177 n.9 (3d Cir. 1990).

Here, Plaintiff's complaint alleges that Plaintiff lent Defendant a sum of

$174,400.00 on April 30, 2007, pursuant to Title V of the Housing Act of 1949.  (Doc. 1 ¶

3).  Defendant then executed and delivered a Promissory Note on that same date, and

2

executed and acknowledged a real estate Mortgage to Plaintiff as security for the Note. (*Id.* ¶¶ 4-5).  Defendant failed to or refused to comply with the provisions of the Note and Mortgage by failing to pay installments of the principal and interest when due, failing to pay real estate taxes when due, and failing to maintain the security of the property.  (*Id.* ¶ 9).  Plaintiff declared the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable, pursuant to the Note's acceleration clause.  (*Id.* ¶ 10; *see also* Doc. 1-2, at pp. 2, 9, 15).  These allegations, taken as true, state a legitimate cause of action for a mortgage foreclosure. Moreover, because Defendant has failed to appear, we decline to analyze the factors enumerated in United States v. $55,518.05 in U.S. Currency, and find that default judgment against Defendant is appropriate.

There are no damages, as Plaintiff seeks a foreclosure of the promissory note and mortgage, and repayment of the loan, interest, and fees, totaling $231,842.91. (Doc. 1).  This amount is a sum certain, as "no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 929 (9th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005).  As such, a hearing under Federal Rule of Civil Procedure 55(b)(2) is not necessary.

*III.      Conclusion*

For the reasons discussed above, we will instruct the Clerk of Court to enter Defendant's default and will grant Plaintiff's motion for default judgment (Doc. 6).  A detailed order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

3