

neopost:
09/26/2016
US POSTAGE $003.67⁰

FIRST CLASS MAIL

ZIP 17108
041L11252595

CERTIFIED MAIL

7016 0910 0000 1841 9880

Kristine L. Sourbeer
104-C Middle Street
York Springs, PA 17372

NIXIE        176    FE 1

NOT DELIVERABLE AS ADDRESSED
RETURN TO SENDER
UNABLE TO FORWARD

0010/04/16

BC:  17108098383        *0419-02993-26-41
UTF

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

OFFICIAL BUSINESS

RECEIVED
HARRISBURG, PA

OCT 06 2016

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United States of America | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-CV-1161 |
| | ) | |
| Kristine L. Sourbeer | ) | |
| | ) | |
| Defendant | ) | |

## ENTRY OF DEFAULT

It appearing that the complaint was filed in this case on June 15, 2016; That the

summons and complaint were duly served upon the defendant, Kristine L. Sourbeer,

on June 26, 2016, and no answer or other pleading having been filed by said defendant as

required by law;

Therefore, upon request of the plaintiff, default is hereby entered against the

defendant, Kristine L. Sourbeer, as provided in Rule 55(a), Federal Rules of Civil Procedure.


Peter Welsh, Acting Clerk


By: S/Mark J. Armbruster

Deputy Clerk


Certified from the record

Date __9/26/16__

Per _____

Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,           :
         Plaintiff                  :
                                    :   CIVIL NO. 1:16-CV-1161
         v.                         :
                                    :
KRISTINE L. SOURBEER,               :
         Defendant                  :


*M E M O R A N D U M*

*I.*          *Introduction and Background*

         We are considering a motion for default judgment.  (Doc. 6).  On June 15,

Plaintiff filed a complaint against Defendant.  (Doc. 1).  On June 16, 2016, Plaintiff sent a

request for waiver of service to Defendant.  (Doc. 4).  On June 26, 2016, Defendant signed

the waiver of service and indicated that she was not in military service at the time the

complaint was delivered, which waiver of service was filed on July 7, 2016.  (Doc. 4).   On

August 19, 2016, Plaintiff requested the Clerk of Court enter Defendant's default pursuant to

Federal Rule of Civil Procedure 55(a).  (Doc. 5).  At the same time, Plaintiff filed the instant

motion for default judgment.  (Doc. 6).  Defendant has failed to respond to any of Plaintiff's

filings.

*II.*          *Discussion*

         Upon the entry of default, Defendant concedes the well-pleaded facts in

Plaintiff's complaint.  Comdyne I, Inc. v. Corbin, 908 F.3d 1142, 1149 (3d. Cir. 1990)

(citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688

(2d ed. 1983)).  Therefore, we accept all factual allegations in the complaint as true,

except those relating to the amount of damages.  Id. But a default does not constitute an admission of liability or establish conclusions of law.  Degen v. Bunce, No. 93-5674, 1995 WL 120483, at *2 (E.D. Pa. March 13, 1995).  Thus, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action."  10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (3d ed. 2006).  The cause of action here is a mortgage foreclosure.  "In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation."  United States v. Abell, No. 1:09-CV-715, 2012 WL 27627, at *2 (M.D. Pa. Jan. 9, 2012) (quoting Chem. Bank v. Dippolito, 897 F. Supp. 221, 224 (E.D. Pa. 1995) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action)).

        The decision to render default judgment rests in the discretion of the court. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).  Generally, when considering whether default judgment is appropriate, a court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the default was the product of the defendant's culpable conduct.  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).  If the defendant fails to appear, however, a court need not consider these factors and "is authorized to enter a default judgment based solely on the fact that the default occurred."  Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

        Here, Plaintiff's complaint alleges that Plaintiff lent Defendant a sum of $174,400.00 on April 30, 2007, pursuant to Title V of the Housing Act of 1949.  (Doc. 1 ¶ 3).  Defendant then executed and delivered a Promissory Note on that same date, and

2

executed and acknowledged a real estate Mortgage to Plaintiff as security for the Note. (*Id.* ¶¶ 4-5). Defendant failed to or refused to comply with the provisions of the Note and Mortgage by failing to pay installments of the principal and interest when due, failing to pay real estate taxes when due, and failing to maintain the security of the property. (*Id.* ¶ 9). Plaintiff declared the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable, pursuant to the Note's acceleration clause. (*Id.* ¶ 10; *see also* Doc. 1-2, at pp. 2, 9, 15). These allegations, taken as true, state a legitimate cause of action for a mortgage foreclosure. Moreover, because Defendant has failed to appear, we decline to analyze the factors enumerated in United States v. $55,518.05 in U.S. Currency, and find that default judgment against Defendant is appropriate.

There are no damages, as Plaintiff seeks a foreclosure of the promissory note and mortgage, and repayment of the loan, interest, and fees, totaling $231,842.91. (Doc. 1). This amount is a sum certain, as "no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 929 (9th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005). As such, a hearing under Federal Rule of Civil Procedure 55(b)(2) is not necessary.

III.        *Conclusion*

For the reasons discussed above, we will instruct the Clerk of Court to enter Defendant's default and will grant Plaintiff's motion for default judgment (Doc. 6). A detailed order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

3

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :
    Plaintiff      :
       :
    v.      :      CIVIL NO. 1:16-CV-1161
       :
KRISTINE L. SOURBEER,      :
    Defendant      :

*O R D E R*

AND NOW, this 26th day of September, 2016, upon consideration of Plaintiff's motion for default judgment (Doc. 6), and in light of Defendant's failure to answer the complaint or to respond to the motion; it is ORDERED that:

1. The Clerk of Court shall enter Defendant's default.
2. Plaintiff's motion for default judgment is GRANTED.
3. Judgment is entered in favor of Plaintiff, United States of America, and against Defendant, Kristine L. Sourbeer, in the amount of $231,842.91, plus interest from the date of this order at the rate of $29.71 per day to the date of any U.S. Marshal's Sale or other sale of property.
4. The promissory note and mortgage between Plaintiff and Defendant are foreclosed as to the real property described therein.  In accordance with section 204(l)(1) of the National Housing Act, 12 U.S.C. § 1710(l)(1), there is no right of redemption in the mortgagor or any other person.
5. Jurisdiction is retained over this matter for the granting of such Orders and Decrees as the circumstances may require; and
6. The Clerk of Court is directed to administratively close this case.

Certified from the record
Date 7/26/16

Per _____
Deputy Clerk

/s/ William W. Caldwell
William W. Caldwell
United States District Judge